## REAY v. BERLIN & JONES ENVELOPE CO.

*(Circuit Court, S. D. New York.   June 10, 1884.)*

PATENT—IMPROVEMENT IN ENVELOPE-MAKING MACHINE.

　　Claim in the patent being for improvement in envelope-machine in respect to the table over the conveyor, whereby the blanks are held in place while being carried by the conveyor to the creasing box, the alleged infringer may continue the use of the machine, the table and conveyor being changed, such use not being inconsistent with the claimant's rights.

　In Equity.
　*Arthur v. Briesen,* for orator.
　*Stephen D. Law,* for defendant.
　WHEELER, J.   The second claim of the orator's patent for improvements on envelope machines is for the arrangement of the table over the conveyor so that the blanks are held even and in place by the table while being carried by the conveyor to the creasing box. The defendant was enjoined not to use several machines having this arrangement, made in violation of that claim of the patent.   19 FED. REP. 310.   The table and conveyor were changed and the use continued. These proceedings are instituted against that use as a contempt of the injunction.   The question is whether that claim covers any more of the machine than the table and conveyor. The defendant was in good faith advised that it did not, and continued the use in the assertion of supposed rights without intending to violate any order of the court.   The orator claims that the claim covers the parts which operate in connection with the conveyor and table. The creasing box was old.   The blank is made ready to be taken by the conveyor in the defendant's machines by contrivances different from the orator's. The blanks, when ready, were to be taken to the creasing box. This claim was for the arrangement of mechanism to accomplish that object. When the blank reaches the creasing box another operation upon it begins.   The table and conveyor finish with each blank when it arrives there, and have nothing to do with the next operation upon it, which is to crease it.   The arrangement of the table over the conveyor, to steady the blank while on the conveyor, affects nothing but the work-

ing of those two parts. So, when those parts were changed, the patented arrangement was changed, and the machines became, *pro tanto*, new machines made out of the reach of the patent.

The motion is denied.